IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JABEZ DAVOREN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; AARON BATES, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; SHANA BROOKS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; AND MARCUS KURNS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED;<br>*Plaintiffs*<br><br>-vs-<br><br>AMAZON.COM, INC., AMAZON LOGISTICS, INC.,<br>*Defendants* | SA-23-CV-00577-XR |

**ORDER APPROVING SETTLEMENT**

On this date, the Court considered Plaintiffs' Unopposed Motion to Approve the Settlement Agreement (ECF No. 14). After careful consideration, the Court hereby **GRANTS** Plaintiffs' motion.

I.   Background

Plaintiffs Jabez Davoren, Aaron Bates, Shana Brooks, and Marcus Kurns ("Plaintiffs"), proceeding individually and on a collective basis, filed this action against Defendants Amazon.com, Inc. and Amazon Logistics, Inc. (together, "Amazon," or "Defendants") alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq* ("FLSA"). *See generally* ECF No. 1.

Plaintiffs and all other "Settlement Collective Members" were Delivery Associates ("DAs") paid by non-party Inpax Shipping Solutions Inc. ("Inpax") to deliver packages to

Defendant Amazon's customers in the United States at any time between January 23, 2017, through December 21, 2019. ECF No. 14 at 6, n.1. During this time, Plaintiffs allege that they, and all similarly situated Delivery Associates, were regularly scheduled to work four or more days per week, with shifts scheduled for ten hours. *Id*. at 5. However, Plaintiffs maintain that the work-related activities they were required to perform took more than ten hours per day, totaling more than forty hours per week, and that they regularly performed these tasks while not "on the clock." *Id*. at 5–6. Accordingly, Plaintiffs claim that Defendants did not pay them for all hours worked in excess of forty hours per week and did not pay proper overtime premiums. *Id*. Accordingly, Plaintiffs sued Amazon for failure to pay overtime compensation for these hours, as well as for the failure to preserve records of Plaintiffs' wages, hours, and conditions of employment. *See generally* ECF No. 1.

Shortly after Plaintiffs initiated suit on May 5, 2023, Defendants notified the Court that the parties reached a settlement (ECF No. 12). Defendants informed the Court that, for the last two to three years, the Parties had been engaged in an extensive alternative dispute resolution ("ADR") process regarding Plaintiffs' claims. ECF No. 12. The ADR process included multiple in-person mediation sessions, extensive discovery, "dozens" of telephonic and video meet-and-confers, all supervised by Mediator Dennis Clifford. *Id*; *see also* ECF No. 14. Importantly, during these negotiations, Plaintiffs' Counsel independently investigated the facts alleged in this lawsuit and considered "the facts developed during the mediation process and the law applicable thereto," "the risks of continued litigation," and the "desirability" of settling. ECF No. 14 at 7. Ultimately, the Parties reached a settlement agreement (the "Settlement Agreement") that Plaintiffs' Counsel

determined was fair, reasonable, and in Plaintiffs' best interests, as well as the best interests of any "Settlement Collective Members."[1] ECF No. 14 at 7.

After the Court granted Defendants' request to file the settlement agreement under seal (ECF No. 12), Plaintiffs filed their unopposed motion to approve settlement (ECF No 14).

**Analysis**

**A. FLSA Provisions**

The FLSA was enacted for the purpose of protecting all covered workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 739 (1981). Congress recognized that "due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945).

The provisions of the FLSA are mandatory. The Eleventh Circuit has held that "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees:" payment supervised by the Secretary of Labor and judicial approval of a stipulated settlement after an employee has brought a private action. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982). The court reasoned that these methods ensure that the same unequal bargaining power between employers and employees that underlies the Act does not unfairly affect a private settlement of claims for wages. Thus, "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court

---

[1] "Settlement Collective Members" refers to Plaintiffs and all Delivery Associates who were paid by Inpax Shipping Solutions Inc. to deliver packages to customers of Amazon.com in the United States at any time between January 23, 2017, through December 21, 2019. ECF No. 14 at 6, n.1.

may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353. Under *Lynn's Food Stores*, the reviewing court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

Not every FLSA settlement, however, requires court approval. "[P]arties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due. A release of a party's rights under the FLSA is enforceable under such circumstances." *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012) (quoting and adopting *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005)). Because the parties here have requested court approval of their settlement, the Court will analyze the settlement.

### B. Bona Fide Dispute

The pleadings indicate that the Parties disputed several issues, including:

(1) the extent to which DAs were compensated for all overtime hours worked;

(2) the appropriate rate at which overtime should be paid when DAs worked more than forty (40) hours per week (i.e., half-time or time-and-one-half the regular rate);

(3) whether Defendants would be able to meet its burden of demonstrating good faith, such that it would avoid the imposition of liquidated damages;

(4) whether Amazon could be held liable for the alleged pay violations as a joint employer;

(5) whether Plaintiffs could obtain and maintain a collective action status of the action; and

(6) whether the Parties would appeal myriad legal or factual determinations, including collective action treatment, liability, and damages.

The Court concludes that there are bona fide disputes in this case over FLSA coverage and determining the amount of overtime compensation.

### C. Fair and Reasonable Resolution

The Court has reviewed the terms of the confidential settlement agreement and heard argument of counsel during a hearing held on July 26, 2023. The Court concludes that the settlement amounts and award of attorneys' fees is fair and reasonable.

### Conclusion

The Court finds that the settlement agreement is a fair and reasonable settlement of a bona fide dispute. The Motion (ECF No. 14) is **GRANTED**, the settlement is **APPROVED**, and this action is dismissed in its entirety, with prejudice, subject to the terms of the Settlement Agreement.

This case is **CLOSED**.

It is so **ORDERED**.

**SIGNED** this 27th day of July, 2023.

Xavier Rodriguez
United States District Judge